IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BRYAN KAWAND SIMS
    Plaintiff

v.

BRIAN OWENS, et.al.,
    Defendants

CIVIL NO: 5:13-CV-0385-CAR-CHW

Proceedings Under 42 U.S.C. §1983
Before the U.S. Magistrate Judge

## PLAINTIFF'S WRITTEN OBJECTIONS TO ORDER AND RECOMMENDATIONS PURSUANT TO 28 U.S.C. § 636(b)(1)

Now Comes Bryan Kaward Sims, Plaintiff in the above style matter making his objections to recommended dismissal without prejudice against Commissioner Brian Owens for failure to state a claim by the United States Magistrate Judge Charles H. Weigle and showing why the claim requires re-addressing and consideration because of the below reasons:

## STATEMENT OF RECOMMENDED DISMISSAL

Recommendation was reviewed by plaintiff and understood to have come to the recommendation of dismissal pursuant to 28 U.S.C. § 1915 A(b)(1) failure to state a claim. Failure to state a claim arose from reviewer's depiction that claim failed to sufficiently show personal participation by defendant Brian Owens in the alleged constitutional deprevation. Sims alleges he ~~failed~~ filed a "Religious Exemption" profile with Commissioner Brian Owens office but received responses from "representing staff" of the GDOC which refused to grant the profile. In that said "The standard by which a supervisor is held liable in his individual capacity for the action of subordinates is extremely rigorous." Cottone v. Jenne 326 F.3d 1352, 1360 (11th Cir. 2003)

Plaintiff Bryan Kawand Sims, a prisoner currently confined at Baldwin State Prison in Hardwick, Ga. Filing a pro se civil rights complaint under 42 U.S.C. § 1983 has received Doc. 5, The Order and Recommendation of Magistrate Judge Charles H. Weigle to the above stated case matter.

the 22nd day of October 2013

## Statement Of Objections

To state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a casual connection between the actions of the supervising official and the alleged constitutional deprivation H.C. by Hewwett v. Jarrard, 786 F.2d 1080, 1086-87 (11th Cir. 1986)

Brian Owens in his official capacity is the Commissioner of Georgia, The Commissioner of Prisons, The Executive Officer of the Board Of Corrections. See O.C.G.A 42-10-3 (Commissioner as Executive Officer; powers generally). The Board, which is comprised of individuals appointed by the Governor, has the legal responsibility to adopt, establish, and promulgate rules and regulations governing the operation of the GDOC. See O.C.G.A. § 42-2-6 and O.C.G.A. § 42-2-11. Within Brian Owens jurisdiction lies the passing, allowing, and enforcing of Board of Corrections policies and regulations.

Board of Corrections rule # 125-2-3-.04 (grooming policy)
- Inmates shall be furnished the basic necessities to maintain a high standard of personal cleanliness; each inmate shall have a conventional haircut, hair no longer than 3 inches and shall not extend to collar or shirt, nor cover ears or eyebrows. Goatees, beards, and similar facial adornments are prohibited unless medically indicated. etc... Neither the Board rules nor GDOC policy shall allow

for a religious exemption to the grooming policy.

GDOC. SOP IIB01-0011 (grooming policy)
• All inmates shall maintain conventional haircuts that extend no more than 3 inches in length and do not cover any portions of the ear. Braids or Plaited hair are not allowed. Beards, Goatees and simular adornments are prohibited.

The above stated rule/policy approved and enforced by the Board of Corrections (i.e. Commissioner Brian Owens) which formulate the SOP's of prison regulations grooming policy identifies a casual connection between the acts of the supervising official and the alleged constitutional deprevation.

The case citing of Crowder v. Lash 687 F.2d 996 1005-06 (7th Cir. 1982)(Rejecting claims that commissioner could be held liable for damages based on reciept of letter) may have factual basis however "refusal to accommodate religous hair request already exist in light of Board rule 125-2-3-.04" Benning v. Georgia 845 F. Supp. 2d 1372 (2012). With that said it does not identify less emphasis on the constitutional deprevation at hand performed by Brian Owens due to liability by receipt of letter. The existence of reciept of letter or not does not challenge the already existing constitutional deprevation allowed and enforced by Brian Owens. At the begining of the day and the end of the day Brian Owens grooming policy still exist to an extent of constitutional deprevation as well as civil RLUIPA deprevation. The listing of Board of Corrections rule (grooming policy) to general applicability stands as the only evidence/fact that need be necessary to establish a personal action by supervising official Brian Owens contributing to the constitutional deprevation of not just one but all religious constitutional rights of Georgia incarcerated persons that may fall within this simular category. As well as a casual connection of both the acts of the Board of Corrections

officials and the acts of The Georgia Department of Corrections officials.

"The individual whom placed the gun in the accomplices hand is just as guilty as the accomplice whom pulled the trigger" as defined by common law as "party to". As in relation to this matter "the defendant whom set the rule in place is just as guilty of the constitutional deprevation as the defendant whom immediately physically enforces the constitutional deprevation."

### Conclusion

For the foregoing reason the plaintiff prays that this Honorable Court grant his written objection to the recommendation of dismissal pursuant to 28 U.S.C. § 1915 A(b)(1)) failure to state a claim v. Commissioner Brian Owens and grant that the claim proceed further for further factual development while allowing plaintiff to ammend or reshape claim for a more definite statement if the court find be necessary

Respectfully Submitted

_Bryan K. A_____
Pro Se
Bryan K. Sims
Baldwin State Prison
P.O. Box 218
Hardwick, Ga
31034

# "EVIDENTIARY STATEMENT"

Claim #5
- A religious exemption profile request was mailed to Commissioner Brian Owens on 9/2/13 and once again on 9/19/13 by certified mail™ reciept, Plaintiff continuously recieved response from representing staff of the GDOC refusing to provide a religious exemption profile for Rastafarian Bryan K. Sims permitting the growth of plaintiffs dreadlocks and 1 inch patch from chin, Depriving Sims of his civil RLUIPA rights and protection under the 1st and 14th Constitutional ammendments.

## Further Emphasis

- Religious Exemption Profile request
    - letter request states burdening policy that is set in place by Brian Owens, The Board and GDOC.

- Commissioner Brian Owens
    - Identifies Brian Owens in his official Capacity as the Board of Corrections and the Commissioner of Georgia.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the opposing Party(ies) to this action with a true and correct copy of the within and foregoing written objection to order and Recommendation (Doc. 5) Civil No: 5:13-cv-0385-CAR-CHW by placing a copy of same in the United States Mail, with adequate postage thereon to ensure prompt delivery, and addressing it to: Gregory Leonard
U.S. Courts, Middle District of Ga
Office of the Clerk
P.O. Box 128
Macon, Ga
31202-0128

This 28 day of October, 20 13.

_Bryan Kim_
Pro Se
Bryan Sims