IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **BRYAN KAWAND SIMS,** | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | CIVIL No: 5:13-cv-00385-CAR-CHW |
| **BRIAN OWENS, et. al.,** | : | |
| | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. | : | |

## ORDER ON MOTION FOR RECONSIDERATION

On October 10, 2013, Plaintiff Bryan Kawand Sims, a state prisoner currently confined at the Baldwin State Prison in Hardwick, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983.[1] Plaintiff's current confinement arises out of a life sentence following a conviction for Armed Robbery and related crimes.[2] According to the complaint, Plaintiff sought freedom to groom himself in accordance with Rastafarianism, Plaintiff's practiced religion.[3]

The procedural record of this Court shows that Defendants filed a motion to dismiss on December 19, 2013,[4] which was granted in part and denied in part on June 4,

---

1 Doc. 1.
2 *Id*.
3 *Id*. at 4.
4 Doc. 16.

2014.[5] Plaintiff was allowed by the Court to proceed with his claims against Defendant Owens, Oubre, and Price regarding Plaintiff's right to grow a goatee.[6] Plaintiff's claim pertaining to the length of his dreadlocks was dismissed for all defendants.[7]

Defendants filed a motion for summary judgement for the remaining claims on November 11, 2014.[8] Shortly after, the Supreme Court decided *Holt v. Hobbs*[9], which potentially changed the posture of the case, so the Court ordered Defendants to supplement their motion accordingly.[10] Defendants then filed a motion for extension of time putting the Court on notice that the Georgia Department of Corrections was adjusting relevant policies based on *Holt*. A hearing was held to determine what changes were being made and how those changes would affect plaintiff's claim.[11]

In light of those changes as well as the *Holt* decision, Defendants withdrew their motion for summary judgment.[12] Defendants were given until September 1, 2015, to refile their motion for summary judgment—allowing time for the Georgia Department of Corrections to finalize and apply its new prisoner grooming policy.[13] Due to delays in development and implementation of those policies, Defendants sought and were

---

5 Doc. 25.
6 Doc. 25, p. 8.
7 Doc. 29, p. 2.
8 Doc. 31.
9 135 S. Ct. 853 (2015),
10 Doc. 40, p. 2.
11 Doc. 40, p. 3.
12 Doc. 38.
13 Doc. 42, p. 2.

granted a ninety (90) day extension, making Defendants' motion for summary judgment due on November 30, 2015. Defendants have not filed their renewed motion for summary judgment as of the date of this Order; the action currently pending before the Court is Plaintiff's Motion for Reconsideration filed on September 29, 2015. Plaintiff seeks reconsideration of the order dismissing his hair-length RLUIPA claim and Section 1983 claims.

Local Rule 7.6[14] cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[15] "Reconsideration is appropriate 'only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law.'"[16] Importantly, "[a] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined."[17]

Plaintiff argues that he is entitled to reconsideration because there has been an intervening change in the law in light of the *Holt* decision. Plaintiff is correct that *Holt*

---

[14] Local Rule 7.6 was amended in August 2015 to state that "motions for reconsideration shall be filed within fourteen (14) days after entry of the order." *Holt* was not decided within fourteen (14) days of the order dismissing Plaintiff's claim, therefore, it could not have been filed in accordance with Rule 7.6. Nevertheless, the Court expressly authorized Plaintiff an extension of time to file his motion for reconsideration. Doc. 40, p. 17.
[15] M.D. Ga., L.R. 7.6.
[16] *Bingham v. Nelson*, No. 5:08-CV-246 (CAR), 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (quoting *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997)).
[17] *Pennamon v. United Bank*, No. 5:09-CV-169 (CAR), 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quotation omitted).

may potentially constitute an intervening change in law, but is incorrect that he is entitled to reconsideration. *Holt* vacated opinions relied on by this Court in deciding Defendant's motion to dismiss.[18] *Holt* also determined that some of the analysis mentioned by this Court was a "strand of reasoning" "improperly imported . . . from cases involving prisoners' first amendment rights" because RLUIPA "provided greater protection."[19] However, these cases and that strand of reasoning were not relied on by this Court in deciding the claims for which Plaintiff seeks reconsideration.

Defendant's motion to dismiss did not argue that Plaintiff failed to make out a prima facie case with regard to his hair-length claim. Instead, Defendant argued that the grooming policy specifically at issue in Plaintiff's complaint had already been found permissible by the Eleventh Circuit Court of Appeals.[20] Post *Holt*, it remains clearly established law that Plaintiff has failed to state a claim regarding the length of

---

18  *See Knight v. Thompson*, 796 F.3d 1289, 1291 (11th Cir. 2015).
19  *Holt*, 135 S.Ct. at 862.
20  This Court held:

> The Defendants do not argue that Plaintiff failed to make out a prima facie case. (Defs.' Br., Doc. 16-1, p. 4). Rather, the Defendants argue only that "the grooming policy at issue in this suit has already been examined under identical claims and found to be the least restrictive means for achieving a compelling government interest." (*Id.*). In support of this assertion, the Defendants cite two cases: *Harris v. Chapman*, 97 F. 3d 499 (11th Cir. 1997), and *Daker v.Wetherington*, 469 F. Supp. 2d 1231 (N.D. Ga. 2007). (*Id.*). Although the cited cases support the Defendants' argument regarding Plaintiff's request for dreadlocks, neither *Harris* nor *Daker* compels the dismissal of Plaintiff's RLUIPA claims regarding his request for a one-inch goatee patch.

Doc. 25, p. 5.

his hair. Specifically, *Harris v. Chapman*,[21] remains good law.[22] "In *Harris*, the Eleventh circuit resolved a Rastafarian inmate's RFRA challenge to a Florida grooming policy nearly identical to the Grooming Policy at issue in this case."[23]

Thus, while *Holt* could potentially constitute an intervening change in the law with regard to RLUIPA grooming claims, those aspects of the law which were changed or clarified do not reach the reasons for which Plaintiff's hair-length claim was dismissed. Instead, *Holt* impacts Plaintiff's claim regarding his facial-hair, and this Court allowed Plaintiff to proceed with that claim.

Finally, it should be noted that *Holt* addressed the issue of how courts analyze the security risk posed by short facial hair, and this Court determined the following in its order on defendant's motion to dismiss:

> While *Harris*, *Knight*, and many other Eleventh Circuit cases thus appear to foreclose Plaintiff's RLUIPA claim for dreadlocks, it is less apparent that Plaintiff may not proceed with his claim for a one-inch goatee patch. The *Harris* Court, for example, does not appear to have had before it a facial-hair claim, and in addition, several of the "specific interests" noted by the *Harris* Court—interests in preventing prisoners from disguising themselves and from secreting objects in their hair—seem less compelling in relation to Plaintiff's request for a one-inch goatee patch, as opposed to his request for two-to-three-foot dreadlocks.[24]

Thus, this Court denied Plaintiff's dreadlocks hair-length claim and allowed Plaintiff's

---

21  97 F.3d 499 (11th Cir. 1996).
[22] *Knight* was vacated and remanded by *Holt*, and the Eleventh Circuit relied on *Chatman* in redeciding *Knight* in light of *Holt*. *See Knight*, 797 F.3d 934.
23  Doc. 25, p. 5.
24  Doc. 25, p. 7.

5

goatee facial-hair claim based on reasoning that is not in tension with *Holt.*

Since Plaintiff has failed to show a manifest error[25] of law or fact and there was not an intervening change in law with respect to Plaintiff's hair-length claim, no grounds exist for reconsideration. Thus, Plaintiff's Motion for Reconsideration on his RLUIPA hair-length claims [Doc. 44] is **DENIED**.

Plaintiff also argues that he is entitled to reconsideration for his dismissed Section 1983 claims. However, Plaintiff fails to show that reconsideration of the Court's order is appropriate on any of the three grounds listed above. There is nothing in Plaintiff's motion showing that the law has changed or that new evidence has been discovered. Moreover, the Court's order is not clearly erroneous or unjust. Thus, no grounds exist for reconsideration, and Plaintiff's Motion for Reconsideration [Doc. 44] is **DENIED**.

Further, Plaintiff's Objection to Defendant's request for an extension of time [Doc. 45] is **MOOT.** Defendant's motion was previously granted.[26] Insofar as Plaintiff is objecting to the order granting the motion, Plaintiff's objection is **DENIED.** Insofar as Plaintiff's motion for reconsideration[27] is untimely, the Court construes the instant motion to include a motion for extension of time and **GRANTS** the motion for extension

---

[25] "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Gray v. Donaldson*, 2014 WL 7215200, at *1 (M.D. Ga. 2014) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

[26] Doc. 43.

[27] At the motions hearing, Plaintiff was given until September 1, 2015, to file a motion for reconsideration. Defendant was also given until September 1, 2015, to refile a motion for summary judgement. Defendant was given a ninety (90) day extension upon its motion for extension of time. Doc. 43.

of time.

        **SO ORDERED,** this 2nd day of November, 2015.

                S/   C. Ashley Royal
                C. ASHLEY ROYAL
                UNITED STATES DISTRICT JUDGE